IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEGLER, BROWN, HILL & RITTER, LPA,**

    **Plaintiff,**

    v.

**SAMURAI CORP.,**

    **Defendant.**

    Case No. 2:10-cv-136
    **JUDGE GREGORY L. FROST**
    Magistrate Judge E.A. Preston Deavers

**OPINION AND ORDER**

This matter is before the Court for consideration of a motion to remand filed by Plaintiff, Kegler, Brown, Hill & Ritter, L.P.A. (Doc. # 14.) For the reasons that follow, this Court finds the motion well taken.

Plaintiff originally filed its Complaint in the Franklin County Court of Common Pleas on January 5, 2010. (Doc. # 3.) Defendant, Samurai Corp., subsequently filed a notice of removal on February 16, 2010. (Doc. # 2.) The notice asserts that "[o]n the day Plaintiff filed its lawsuit" in the state court, "Plaintiff was (and still is) an Ohio resident corporation" and that "Defendant was (and still is) a Texas resident corporation." (Doc. # 2, at 2.) Exhibits attached to the notice support these representations. The notice also indicates that the damages sought exceed $75,000.00, which tracks the Complaint.

Federal courts are courts of limited jurisdiction. Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from a state court only when the federal court would have original jurisdiction over the civil action. For this Court to have original jurisdiction, either diversity or federal subject matter jurisdiction must exist. 28 U.S.C. § 1332. The asserted basis for removal

here is diversity jurisdiction, which exists only if the amount in controversy is in excess of $75,000, "exclusive of interest or costs," and the parties are citizens of different states. 28 U.S.C. § 1332(a).

Plaintiff initially argues that removal was flawed because the notice of removal was based on diversity of residency as opposed to diversity of citizenship. The law firm asserts that residency is not synonymous with citizenship for diversity purposes. Notably, Defendant has neither filed a memorandum in opposition to the motion to remand nor attempted to cure the asserted defect by amending the notice of removal. *See Klein v. Manor Healthcare Corp.*, 19 F.3d 1433, 1994 WL 91786, at *4 (6th Cir. 1994) (unpublished table decision) (suggesting increasingly liberal approach to amendment of notices of removal).

A notice of removal that leaves the issue of citizenship unaddressed is deficient. *See* 32A Am. Jur. 2d Federal Courts § 1433. The notice here, however, arguably does not fail to address citizenship even if does not use magic words. There is no explicit allegation of corporate citizenship using that term and no indication that the states of incorporation are the parties' principal places of business. But an affidavit and Texas Secretary of State filing, both attached to the notice, together indicate that Defendant was incorporated in Texas. (Doc. # 2-1, at 11-13.) 28 U.S.C. § 1332(c)(1) provides that for purposes of determining diversity, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." This Court need not opine on whether the notice is therefore sufficient to establish diversity, however, because Defendant's alternative ground for remand proves dispositive.

Plaintiff argues that removal was flawed because the notice of removal failed to include a

copy of the original Summons or a Return of Service. 28 U.S.C. § 1446(a) provides that "[a] defendant . . . desiring to remove any civil action . . . from a State court shall file in the district court . . . a notice of removal . . . together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." Although recognizing that there is a split of authority as to whether the failure to attach to a notice a summons is a jurisdictional flaw, Plaintiff correctly notes that some courts have found that such a defect necessitates remand.

      The removal filings indicate a date of service of the Complaint, but § 1446(a) plainly requires the submission of a copy of such material. Defendant failed to comply with this statutory requirement here and, as noted, has inexplicably not even attempted to remedy the error via amendment. *See, e.g., Miller v. All Star, Inc.*, No. 1:09-cv-03551-JOF, 2010 WL 1410554, at *1-3 (N.D. Ga. Mar. 30, 2010) (discussing amendment as cure for failing to provide a copy of a summons with the notice of removal); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, Nos. 3:09-md-02100-DRH-PMF & 3:09-cv-10217-DRH-PMF, 2010 WL 747498, at *2 (S.D. Ill. Feb. 26, 2010) (declining to remand because defendants filed a summons as a supplement to notice of removal); *Young v. Cmty. Assessment & Treatment Servs., Inc.*, No. 1:07cv1797, 2007 WL 3340033, at *7 (N.D. Ohio Nov. 6, 2007) (also permitting curative supplementation of summons). Thus, Defendant's removal failed and fails to adhere to a requirement that, although a procedural technicality, is nonetheless a statutory imperative mandated by legislative use of "shall." *See Smith v. Time Ins. Co.*, No. 08-cv-00419-REB-BNB, 2008 WL 4452147, at *1-2 (D. Colo. Sept. 30, 2008) (strictly construing § 1446(a) so that a failure to attach a summons to a notice of removal necessitates remand). The consequent impropriety of the notice of removal proves dispositive.

The Court therefore **GRANTS** Plaintiff's motion to remand (Doc. # 14) and **REMANDS** this cause to the Franklin County Court of Common Pleas.

**IT IS SO ORDERED**.

                                                      /s/ Gregory L. Frost
                                               GREGORY L. FROST
                                               UNITED STATES DISTRICT JUDGE